PER CURIAM.
The appellant seeks reversal of his convictions by the Criminal Court of Record, Dade County, Florida, on four counts of lottery law violations. In support of his appeal appellant has raised and argued five points. Restated, those points are:
1. Evidence seized during a search should have been suppressed because the searching officers failed to afford appellant a reasonable opportunity to *569 allow them entrance prior to their making a forcible entry.
2. The trial court erroneously admitted into evidence appellant’s federal gambling stamp.
3. The trial court should have granted appellant’s motion for a new trial because;
(a) the prosecutor made improper argument to the jury which argument appealed to passion and was designed to prejudice the jury, and
(b) certain remarks made by the prosecutor were tantamount to comment on appellant’s failure to testify.
4. The evidence was insufficient to establish guilt.
We find merit in appellant’s first point and reverse thereon.
Statutory guidance for execution of search warrants is found in Section 933.09, F.S.A., wherein it is stated:
“(An) officer may break open any outer door, inner door * * * or any part of a house * * * to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house * * (Emphasis supplied.)
It is the appellant’s position that the officers in executing the search did not first request admittance and give notice of their purpose and authority prior to gaining entrance forcibly.
We have reviewed the record and conclude that the evidence bears out appellant’s point. Most persuasive in influencing our result was a motion picture photographed by television news photographers who accompanied the police officers on the “raid”. The motion picture reveals that if the police officers made an effort to comply with the statutory requirements for executing a search, such effort fell short. Reluctant though we may be to disturb the findings made by the trial court regarding admissibility of evidence, we are nevertheless impelled to hold here that a finding to the effect that the searching officers did in fact comply with Section 933.09, supra is manifestly against the weight of the evidence. The search was illegal and therefore should have been quashed and the seized evidence suppressed.
Although not precisely on point we find the language used by the late Justice Terrell appropriate as he spoke for the court in Benefield v. State, Fla.1964, 160 So.2d 706, 709:
“Entering one’s home without legal authority and neglect to give the occupants notice have been condemned by the law and the common custom of this country and England from time immemorial. * * * Judge Prettyman for the Court of Appeals in Accarino v. United States, 85 U.S.App.D.C. 394, 179 F.2d 456, 465, discussed the history and reasons for it. * * * William Pitt categorized a man’s home as his castle.
* * * * * *
“This sentiment has moulded our concept of the home as one’s castle as well as the law to protect it. The law forbids the law enforcement officers of the state or the United States to enter before knocking at the door, giving his name and the purpose of his call. There is nothing more terrifying to the occupants than to be suddenly confronted in the privacy of their home by a police officer decorated with guns and the insignia of his office. This is why the law protects its entrance so rigidly. The law so interpreted is nothing more than another expression of the moral emphasis placed on liberty and the sanctity of the home in a free country.”
Appellant’s remaining points have been rendered moot by our decision as to point 1.
*570 The judgments and sentences appealed are reversed and the cause remanded for a new trial consistent with the views herein expressed.
Reversed and remanded.