271 So.2d 462 (1973)
Matthew POWERS, Appellant,
v.
STATE of Florida, Appellee.
No. P-98.
District Court of Appeal of Florida, First District.
January 16, 1973.
William T. Basford, Jr., Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and William E. Whitlock, III, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant seeks reversal of his conviction and sentence based upon a jury verdict finding him guilty of possessing a narcotic drug, to wit, marijuana.
By his first point on appeal appellant contends that the court erred in denying his motion to suppress the contraband evidence taken from his home on the ground that it was seized as the result of an unreasonable and warrantless search contrary to his constitutional rights against unreasonable searches and seizures.
The facts surrounding the seizure of the evidence introduced against appellant are not in dispute. A female undercover narcotics agent became acquainted with one David Grubbs, who in turn was a personal friend of appellant. The agent, whose identity was unknown to Grubbs, met and talked with him on several different occasions. During some of these contacts Grubbs mentioned appellant's name and the fact that he was a user of marijuana. On the day in question the agent met with Grubbs who indicated a desire to go to appellant's house so that he could be "turned on". Together the two of them drove to appellant's home and, upon arriving, Grubbs opened the front door through which both he and the agent entered without knocking or announcing their presence. Upon their entering the front door appellant was seen sitting at a counter just off of the living room, and a female present in the house was introduced as appellant's *463 wife. Appellant rolled a cigarette from a greenish colored material, which the agent assumed to be marijuana. The cigarette was lit and passed around among those present who shared the pleasures of smoking it. The agent only simulated the act while the others inhaled the smoke in a normal fashion. After a short while Grubbs asked appellant to roll him another cigarette, whereupon the agent asked that one be rolled for her also. Appellant complied with their request and left the two cigarettes prepared by him on the counter where he was sitting. At this point appellant and his wife announced that they would have to leave the home and asked Grubbs to lock the front door when he and the agent left. After appellant and his wife departed, Grubbs and the agent remained in the home for a short period of time during which the agent took from the counter 1 1/2 of the cigarettes rolled by appellant, enclosed them in a plastic container, and placed them in her purse. Several days later she turned the seized cigarettes over to the narcotics bureau which analyzed them and found them to contain the drug known as marijuana.
It is appellant's position that the agent entered his home through fraud and deception and, therefore, her seizure of the marijuana cigarettes while in his home was unreasonable and accomplished without a proper search warrant. For these reasons he insists that his constitutional rights were violated and the court erred in not suppressing this evidence pursuant to his timely motion.
It is clear from the record that the agent's entry into appellant's home was not the result of a breaking or the use of force but was accomplished peaceably and upon appellant's implied invitation. This case therefore does not fall within the category of decisions typified by Miller v. United States[1] which condemns the seizure of contraband obtained through the forcible entry of a person's home without a prior announcement by the investigating officers of their authority and purpose. The principle of law is recognized in this jurisdiction that there may be a search without a seizure as well as a seizure without a search, and that where no search is required, a seizure of contraband without a warrant is not prohibited where the seized property is fully disclosed and open to the eye and hand without the necessity of a search therefor.[2]
It is our view that the facts in this case are analogous in all material respects with those present in the case of Koptyra v. State[3] where contraband seized by a narcotics agent from within the home of the defendant was held to be admissible under circumstances where the agent gained entrance into the home peaceably by ruse without his identity being known to defendant but without a forcible breaking or under color of office.
We have carefully considered the last and remaining point on appeal urged by appellant but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, Acting C.J., and POWELL, GILLIS E., Associate Judge, concur.
NOTES
[1] Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).
[2] Boim v. State (Fla.App. 1967) 194 So.2d 313.
[3] Koptyra v. State (Fla.App. 1965) 172 So.2d 628.