288 So.2d 531 (1974)
STATE of Florida, Appellant,
v.
William Charles YENKE, Appellee.
No. 73-358.
District Court of Appeal of Florida, Fourth District.
January 25, 1974.
Philip S. Shailer, State's Atty., Thomas F. Kern, Jr., Asst. State's Atty., and H.D. Williams, Jr., Fort Lauderdale, for appellant.
Edward M. Kay, Varon, Stahl & Kay, Hollywood, for appellee.
*532 DOWNEY, Judge.
This is an appeal by the State from an order suppressing evidence upon motion of the appellee.
By prearrangement with appellee, agents Bower and Riffle went to appellee's home to purchase eighty pounds of marijuana. Upon arrival they were admitted by appellee and led to a bedroom where appellee advised he only had twenty pounds, which he exhibited and delivered to agent Bower. After some discussion of price Bower directed Riffle to go out to the car and get the money. Riffle departed and Bower commenced weighing the individual bags. Riffle returned in a minute or two and behind him followed several police officers. Riffle went to the bedroom, found appellee and Bower as he had left them and placed both under arrest.
Prior to coming to appellee's home that evening Bower had obtained a search warrant which he delivered to the other officers who remained outside. Riffle's return to the car ostensibly to get the money was a signal for the officers to execute the search warrant. When they followed Riffle into the house they did not knock or announce their purpose. After Riffle had arrested appellee and Bower and brought them into the living room, Riggio, one of the other officers, served the search warrant, and as a result of the subsequent search other evidence was obtained and inventoried on the warrant. Said inventory did not include the box containing the twenty pounds of marijuana.
The trial court suppressed the inventoried items obtained as a result of the search warrant and also the twenty pounds of marijuana which appellee had delivered to Bower. The delivery of the twenty pounds of marijuana to Bower is the basis of the charges in question.
The state conceded at the hearing that the search warrant was not properly served and that the evidence obtained thereby was subject to suppression. However, the state maintains that the delivery of the twenty pounds of marijuana was independent of the search warrant; that Bower and Riffle were properly in the home and witnessed appellee commit the crime with which he is charged. We agree. The requirements of the knock and announce statute, 933.09, F.S. 1971, F.S.A., are not involved in a determination of the validity of this arrest for delivery of the marijuana. The evidence in question was not obtained as a result of a search. It was delivered by appellee to Bower as part of a proposed sale.
Had agent Riffle been involved in executing the search warrant when he returned to the house we would have a different factual situation requiring the application of the rule of State v. Collier, Fla. App. 1970, 270 So.2d 451. However, Riffle had ostensibly gone to get the money with which to pay appellee. He was impliedly invited to return and was unassociated with the search warrant. This case is much more analogous to Koptyra v. State, Fla.App. 1965, 172 So.2d 628.
Accordingly, we find the trial court erred in suppressing the twenty pounds of marijuana as evidence in this case.
Reversed and remanded.
OWEN, C.J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
On December 12, 1972, Agent Bower and Agent Riffle arranged to meet with the defendant the following day at the defendant's residence to purchase eighty pounds of marijuana. Agent Bower then obtained a search warrant to search the defendant's house and seize contraband found. The meeting between the parties transpired as scheduled on December 13th. Even though the defendant had only twenty pounds of marijuana to sell, an agreement was *533 reached for the sale of that quantity of marijuana to the agents. While Bower remained in the house weighing the marijuana, Riffle went out to the automobile purportedly to get money to be used for the transaction.
Riffle's return to the car, however, was a signal for police officers who had been waiting in the vicinity to execute the search warrant. These officers had in their possession the search warrant which Agent Bower had earlier obtained. Riffle reentered the defendant's house, followed closely by the other officers. The defendant was arrested. The search warrant which had inadvertently been left behind in a car by the officers was obtained. The defendant's home was then searched pursuant to the warrant.
The state contends on appeal that the trial court erred in suppressing the twenty pounds of marijuana which the defendant had tendered to Agent Bower because the twenty pounds of marijuana was seized independently of and prior to the alleged illegal execution of the search warrant.
The controlling statute concerning execution of a search warrant in the situation at bar is Section 933.09, Florida Statutes 1971, F.S.A.
It provides:
"The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein."
This statute by its express language and by the reasonable implication thereof requires a police officer engaged in the execution of a search warrant, before entering one's residence, to attempt to call to the attention of those within the residence the presence of the officer outside the dwelling by knocking or any other reasonable means, and thereafter to announce his authority and purpose of his presence at the residence. The prerequisites of this statute must be complied with by police authorities prior to any trespass into one's dwelling, whether the invasion be forceful through a barricaded door or peaceful through an open door. There are four well defined exceptions to this general rule. If the police officer believes his welfare is in peril, evidence will be destroyed, the defendant will escape or that the defendant already knows of the officer's authority and purpose, the police officer need not knock and announce his authority and purpose. State v. Collier, 270 So.2d 451 (Fla.App. 1972). See also Benefield v. State, 160 So.2d 706 (Fla. 1964).
In the case at bar there was ample evidence that the marijuana which the defendant seeks to suppress was seized pursuant to the search warrant. In Agent Bower's application for the search warrant, specific mention was made of the marijuana which the state now contends was not seized under the warrant. In addition, it was agreed by the undercover agents and the police officers that, upon Agent Riffle's return to the automobile purportedly to obtain money for the purchase, the police officers would execute the search warrant. Execution of the search warrant began before any arrest was made. The marijuana seized was taken while executing the warrant. If it was truly the authorities' desire to seize the twenty pounds of marijuana in a separate transaction from seizure of contraband under the warrant Agent Riffle and Agent Bower could have and should have arrested the defendant when the defendant produced the marijuana, seized the marijuana incident to the arrest, and then signaled the other police officers to execute the warrant.
Since it is clear that all of the evidence taken from the defendant was seized under the search warrant, the police had to comply with Section 933.09, Florida Statutes, F.S.A, or face suppression of all the evidence. However, the officers that accompanied Agent Riffle into the defendant's dwelling never knocked prior to their entrance *534 into the defendant's residence, never identified themselves as police officers, and never indicated that the purpose of their presence was to execute a search warrant as required by the statute. There was no evidence on record that any of the officers believed their welfare would have been in peril, evidence would have been destroyed, or the defendant would escape if they complied with the statutory prerequisites before entering the defendant's residence. As a result of the officer's failure to comply with the statute, all the contraband seized under the warrant, including the twenty pounds of marijuana, was seized illegally and therefore subject to suppression.
The majority cites the case of Koptyra v. State, 172 So.2d 628 (Fla.App. 1965), to support their holding that the evidence should not be suppressed. In Koptyra, which was factually similar to the instant case, the trial court admitted marijuana as evidence in a drug possession charge. That case, however, has two important distinguishing factors. The seizure of mairjuana in Koptyra was not conducted pursuant to a search warrant. Therefore, the statutory mandate of Section 933.09, Florida Statutes, F.S.A., (that the police officer knock and announce his authority and purpose) was not a prerequisite to entrance into the residence. Also, the sequence of events in Koptyra distinguishes it from the case at bar. In that case, the agent was an invitee at a "pot party." He excused himself and went outside to meet with other officers. Shortly thereafter, the agent returned and arrested one of the participants in the party. Then the assisting officers entered through an open door and arrested the defendant Koptyra and another participant. It is clear in that factual sequence (a person has already been arrested in a residence) other officers may enter the residence and assist the arresting officer without knocking and announcing authority and purpose. It may be noted that Koptyra would have been decided in the same way and the evidence admitted even if the seizure of the marijuana was conducted pursuant to a search warrant. When the agent, an invitee, arrested one participant before the officers broke into the house, this act put the others within the house on notice of the assisting officer's authority and purpose. This would constitute an exception to the mandates of Section 933.09, Florida Statutes, F.S.A., and compliance with that statute would be unnecessary. In the instant case, the officers broke into the house prior to the arrest.
Since the police officers failed to comply with Section 933.09, Florida Statutes, F.S.A., a prerequisite for legal execution of a search warrant, I would affirm the trial court's decision suppressing the twenty pounds of marijuana seized pursuant to the warrant.