305 So.2d 222 (1974)
STATE of Florida, Appellant,
v.
Larry PRICKETT and Stephanie Prickett, Appellees.
No. 74-641.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
This appeal by the state attacks a ruling by the trial court granting the defendants' motion to suppress evidence.
The evidence was obtained when police executed a search warrant at a private dwelling located at 9401 S.W. 15th Street, in Miami. Subsequent thereto, the defendants were informed against, charged with illegal possession of amphetamine salt and cannabis.
The record on appeal reveals that two officers, acting undercover, went to the residence in question to execute the warrant. A witness at the hearing on the motion to suppress, one Stephen Endy, testified that he responded to a knock on the front door.
*223 Endy stated that he knew one of the two men, but not as a police officer. He testified further that the officers did not announce they were police officers or that their purpose was to execute a search warrant.
Endy invited the two men into the house, and shortly thereafter they informed him that they were police officers. At almost the same moment, other police officers entered through the front door, which was closed, to assist in the search.
At the outset, we address certain procedural questions raised by the state. We find slight merit to these contentions.
The state argues that the court was required to deny the motion to suppress because the defendants offered no evidence that a search warrant existed or was executed. Secondly, the state contends that the defendants lacked standing to attack the execution of the search warrant.
A cursory examination of the record of this case establishes that the very purpose of the hearing held in the trial court concerned the execution of the search warrant. In addition, the trial judge was well aware of the warrant which was before him at the hearing.
The state relies on RCrP 3.190(h)(2) and (3), and more particularly on the language contained therein that "the defendant shall present evidence supporting his position."
We think the state attempts to put a strained and illogical interpretation upon the rule. The rule doesn't require the defendant to prove the obvious, or in this instance, the very purpose for holding a hearing.
Nor, do we think the defendants lack standing. They had a sufficient possessory interest in the premises to attack the warrant. Moreover, in charging the defendants in the information with possession of illegal drugs, the state adopts an inconsistent position by arguing that the defendants now do not have standing. See, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
Turning now to the merits of this controversy, we think it is plain that the trial judge correctly granted the motion to suppress.
The police officers failed to announce either their authority or their purpose prior to entering the house to execute the search warrant as required by Fla. Stat. § 933.09. See, State v. Kelly, Fla. 1973, 287 So.2d 13; Earman v. State, Fla. 1972, 265 So.2d 695; Moreno v. State, Fla.App. 1973, 277 So.2d 81; State v. Collier, Fla.App. 1972, 270 So.2d 451.
In addition, the record is devoid of any evidence offered by the state to justify the police actions in this case under one of the exceptions to the statute.
Therefore, it is our conclusion that the trial court correctly suppressed the evidence seized, and his ruling accordingly is affirmed.
Affirmed.