**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George DeFEIS and James Antonio,**
**Defendants-Appellants.**

**No. 75–3745**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 15, 1976.

Rehearing Denied May 13, 1976.

George D. Gold, Miami, Fla., for George DeFeis.

Lawrence S. Katz, Miami Beach, Fla., for James Antonio.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Kerry J. Nahoom, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

George DeFeis and James Antonio appeal from their convictions of possessing with intent to distribute and distributing 140 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. They contend on appeal that the trial court erred in determining (1) that the entry by Drug Enforcement Agents into the apartment from which the cocaine was seized was unaccompanied by force, and (2) that 18 U.S.C. § 3109 (pertaining to the breaking of doors or windows of a house in the execution of a search warrant)[1] was not violated by the subterfuge of government agents in gaining entry. We affirm.

A motion to suppress was heard and denied, after which appellants waived trial by jury and stipulated that the matter be decided on the evidence presented at the hearing on the motion to suppress.

Undercover DEA Agent Perez and a confidential informant went to the apartment of appellant Antonio to negotiate for the purchase of cocaine and were voluntarily admitted. A half hour later appellant DeFeis arrived at the apartment. Outside, a team of four DEA agents were on surveillance duty. After a short period of time the confidential informant, at the direction of Agent Perez, left the apartment on the pretext of obtaining necessary purchase money for the cocaine. This was a prearranged signal to inform the other agents that the cocaine had arrived, the transaction was in progress and that they were to enter. The confidential informant, accompanied by the surveillance team, then returned to the apartment and knocked on the door. Appellant Antonio opened the door sufficiently wide for the entry of one man, at which time the agents rushed through the opening and entered the premises. Once inside, the agents announced their authority. They arrested appellants, feigned an arrest of undercover Agent Perez, and seized the cocaine and related paraphernalia.

The trial court held, in denying the motion to suppress, that the entry was accomplished without the application of any force by government officials. This ruling is amply supported by the record, and we find no error.

Appellants further contend that the presence of an undercover agent posing as a narcotics buyer in an individual's home, which is about to be "invaded" by plainclothes arresting officers pursuant to a prearranged signal, does not excuse compliance with 18 U.S.C. § 3109, particularly where that agent maintains his undercover role and does not initiate, commence or cooperate in the arrest. In short, they contend that the ruse vitiates the arrest and seizure. We do not agree. An entry obtained without force by ruse or deception is not a violation of section 3109. *See United States v. Beale,* 5 Cir., 1971, 445 F.2d 977; *Smith v. United States,* 5 Cir., 1966, 357 F.2d 486. *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968) is not to the contrary.[2]

AFFIRMED.

---

1. 18 U.S.C. § 3109 provides:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

There was no warrant in this case; however, section 3109 is applicable to warrantless searches. *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *Sabbath v. United States,* 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968).

2. See n. 7, 391 U.S. at 590, 88 S.Ct. at 1758, 20 L.Ed.2d at 831.