HUBBART, Judge
(concurring).
I concur in affirming the trial court’s order herein which suppressed the fruits of a search of private premises pursuant to a search warrant on the ground that the warrant was executed in violation of Section 933.09, Florida Statutes (1975).
By its decision, this court has held that Section 933.09, Florida Statutes (1975), requires that a police officer executing a search warrant must announce his authority and purpose at an outer screen door of a house and be refused admittance before he may break open such outer door to execute the search warrant on the premises, absent the exceptions thereto stated in Benefield v. State, 160 So.2d 706 (Fla.1964), and State v. Kelly, 287 So.2d 13 (Fla.1974). The State had contended that a police officer need not announce his authority and purpose at an outer screen door to a house, but may break it open, enter onto a hallway on the premises and thereafter announce his authority and purpose at an inner wooden door approximately fifteen feet inside the premises at the end of the hallway. The court has quite rightly rejected this contention as contrary to the plain wording of the statute.
Since the police forcibly entered the defendant’s dwelling without properly announcing their authority and purpose under circumstances which do not excuse such announcement, the trial court was eminently correct in suppressing the evidence seized in the dwelling. Benefield v. State, 160 So.2d 706 (Fla.1964); State v. Prickett, 305 So.2d 222 (Fla. 3d DCA 1974); State v. Collier, 270 So.2d 451 (Fla. 4th DCA 1972); McLendon v. State, 176 So.2d 568 (Fla. 3d DCA 1965).