372 So.2d 1003 (1979)
Stanley HANSEN, Appellant,
v.
STATE of Florida, Appellee.
Rhonda Janene WESTFALL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-564, 78-568.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
*1004 Fred Haddad of Sandstrom & Haddad, Fort Lauderdale, for appellant Hansen.
Kenneth E. Delegal of Law Offices of Vaughan & Delegal, Fort Lauderdale, for appellant Westfall.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
By this appeal the appellants are challenging the trial court's denial of a motion to suppress a large quantity of marijuana seized after an aborted attempt to sell the marijuana to undercover police officers.
Two undercover police officers gained entry to a dwelling occupied by the appellants, by posing as potential purchasers of marijuana. On a prearranged signal from the undercover officers, other officers entered the residence through an unlocked front door, without knocking or announcing their authority and purpose, arrested appellants, and seized a large quantity of marijuana. The marijuana was contained in several plastic garbage bags in plain view, ready for delivery to the undercover officers. Neither of the undercover officers participated in the arrest or seizure and one was actually "arrested" along with appellants.
Section 901.19(1), Florida Statutes (1977) provides:
If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
This section encompasses the Florida "knock and announce" rule. In Benefield v. State, 160 So.2d 706 (Fla. 1964), four exceptions to the requirement of this rule were recognized:
[W]e conclude that even if probable cause exists for the arrest of a person, our statute is violated by an unannounced intrusion in the form of a breaking and entering any building including a private home, except (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose; or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. Time and experience will no doubt suggest other exceptions. .. .
This court has decided several cases with factual circumstances similar to those involved herein. State v. Farrington, 338 So.2d 81 (Fla. 4th DCA 1976); State v. Roman, 309 So.2d 12 (Fla. 4th DCA 1975); State v. Yenke, 288 So.2d 531 (Fla. 4th DCA 1974); and State v. Collier, 270 So.2d 451 (Fla. 4th DCA 1972).
In Yenke, supra, the undercover officer was already in possession of the contraband seized when the other undercover officer, allegedly returning from outside with the money for the deal, disclosed his identity when he got back inside, arrested the undercover officer in possession of the contraband and the defendant. Other officers followed him into the residence without knocking and announcing to execute a search warrant, but their subsequent search of the premises was conceded by the state to be unlawful. In Farrington, supra, the undercover officer had already taken physical possession of the contraband when the other officers entered. In Collier, supra, this court held that an entry and seizure were illegal where an undercover police officer first entered a defendant's premises to purchase drugs, determined that illegal activity was occurring, left, and then returned with other officers to execute a search warrant and in doing so reentered the premises without "knocking and announcing." In Roman, supra, as in Collier, supra, an undercover officer left the premises after observing contraband and then returned with *1005 other officers, and "with guns drawn," all of the officers entered the premises without "knocking and announcing," for the express purpose of arresting the defendant and searching for contraband. In Yenke and Farrington, supra, suppression was denied on the apparent basis that the contraband involved was seized or possessed by one of the undercover police officers lawfully on the premises and not by another officer who failed to comply with the "knock and announce" rule. In Collier and Roman, supra, the critical entries and seizures were not made by officers acting in an undercover capacity, but rather by officers acting under color of their office as police officers, but who did not "knock and announce" before entering and seizing the contraband.
We believe this case is controlled by our decision in Collier, supra. The state has not shown the existence of any of the exceptions enumerated in Benefield, supra. Both undercover officers were inside when the signaled officers entered without "knocking and announcing." Neither had possession of the contraband when the other officers entered or participated in the arrest and seizure of the contraband. In fact, one of the officers was arrested along with the appellants. The officers who entered without "knocking and announcing" made the arrests and seized the contraband. These officers had no implied invitation to enter the premises as did the arresting officer in Yenke, supra, nor did they find the contraband in the actual physical possession of one of the undercover agents as in Farrington, supra. Rather, they were entering the premises to effectuate an arrest for a felony and could only do so after announcing their authority and purpose. It is conceded they did not do so.
Accordingly, the judgment of the trial court is reversed with directions for further proceedings consistent with this opinion.
DOWNEY, C.J., and DAUKSCH, J., concur.