GLICKSTEIN, Judge.
Appellant was charged with possession of cocaine with intent to sell. Upon the denial of his motion to suppress, he pleaded no contest to the lesser included offense of possession, reserving the right to appeal the adverse ruling on the motion to suppress. We affirm.
The issue on appeal is whether there was compliance with Section 933.09, Florida Statutes (1977) by law enforcement officers in the execution of a search warrant. Section 933.09 specifically provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
At approximately 4:30 a. m., nine or ten law enforcement officers went to appellant’s apartment building with a warrant to search appellant’s residence for cocaine. *571 Mark Wetherington, a narcotics agent with the sheriff’s department, testified that upon the officers’ arrival, Detective Corderman of the police department announced over the PA system of a patrol car that police officers were present; that they had a search warrant for appellant’s residence; and that the front door of the residence should be opened. The aforesaid identification of police officers was repeated several-times over a span of one or two minutes. Movement was observed in the bedroom, but no one opened the door. At that point, the officers drilled a hole in the door and inserted a pipe through the hole which was connected to a cable. The cable was attached to a wrecker which tore the door off, hinges and all. Simultaneously, the officers in the back of the apartment knocked out the opaque windows in the bathroom. The resulting search of the premises produced twenty-eight packets of cocaine.
The testimony of Charles and Michael Anderson, who lived in the apartment above appellant, contradicted that of the narcotics agent. Charles testified that he heard the breaking and shattering of glass before hearing the officer’s “bullhorn” announce about five times, “Jimmy Brown and Nancy Johnson, please come to your front door and have a seat. This is the police.” His brother, Michael, testified that he heard the door being drilled, the windows broken and the cable cranked before hearing the officer use the bullhorn to tell Jimmy and Nancy to come to the front and sit down.
The trial court accepted agent Wether-ington’s account of the sequence of events in the execution of the warrant and concluded that there had been compliance with Section 933.09, Florida Statutes (1977).[1]
In reviewing the trial court’s decision, our responsibility is recited in McNamara v. State, 357 So.2d 410, 412 (Fla.1978):
The ruling of the trial court on a motion to suppress, when it comes to the reviewing court, is clothed with the presumption of correctness, and the reviewing court will interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court’s ruling.

We find that there was sufficient evidence in the record to support the trial court’s finding of compliance with Section 933.09, Florida Statutes (1977); therefore, the order denying the motion to suppress is affirmed. However, in doing so we express concern that appellee produced no evidence at the hearing on the motion to suppress which would explain the officers’ unusual entry. While not dispositive in this instance, testimony as to the reasonableness of the method used to gain entry would have been helpful.
This opinion should not be construed as condoning the mode of entry used here, but we are unable to conclude that the trial court erred in denying the motion to suppress.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.

. In State v. Collier, 270 So.2d 451, 453 (Fla. 4th DCA 1972), we held:
This statute by its express language and by the reasonable implication thereof requires a police officer engaged in the execution of a search warrant before entering one’s residence to attempt to call to the attention of those within the residence the presence of the officer outside the dwelling by knocking or any other reasonable means and thereafter to announce his authority (i. e., officer of the Winter Park Police Department) and the purpose of his presence at the residence (i. e., to execute a search warrant). . (Emphasis in the original)