387 So.2d 980 (1980)
STATE of Florida, Appellant,
v.
Rose Mary CLARKE, Patrick B. Clarke, and Desiree Lynn Perez, Appellees.
No. 79-1451.
District Court of Appeal of Florida, Second District.
July 9, 1980.
*981 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellees.
OTT, Judge.
The trial court granted appellees' motion to suppress various drugs taken from their apartment during a search by Tampa police officers acting pursuant to a warrant. We reverse.
The bases for appellees' motion were (1) that the affidavit for issuance of the warrant and the warrant itself were legally insufficient, and (2) that the officers who executed the warrant violated the "knock and announce rule", Section 933.09, Florida Statutes.
With respect to the latter grounds, police officers testified at the hearing on the motion that they did not announce their identity and purpose before entering appellees' apartment because when they knocked on the door one of the appellees called from inside, "Come in", which they proceeded to do. Appellees denied that they had invited the entry, and asserted that the officers had simply opened the door and barged in without knocking or announcing their identity and purpose.
The trial court refused to pass upon the sufficiency of the affidavit and warrant or to make a finding as to whether the officers did or didn't knock and were or were not invited to enter. The court ruled that it didn't matter whether they were invited in or not  that the law requires even invited officers to state their identity and purpose before entering premises they intend to search.
The court erred. The so-called "knock and announce rule" was designed to protect the right of the citizen to privacy in his own home. Benefield v. State, 160 So.2d 706 (Fla. 1964). The rule imposes certain obligations on law enforcement officers preliminary to their forcible entry into a private residence. § 933.09, Fla. Stat. Where entry is gained peaceably, as by invitation, the "knock and announce" requirement does not apply. King v. State, 371 So.2d 120 (Fla.1st DCA 1978); Powers v. State, 271 So.2d 462 (Fla.1st DCA 1973); Koptyra v. State, 172 So.2d 628 (Fla.2d DCA 1965). The fourth amendment guarantees that a man's home is indeed his castle, but when he invites a stranger to enter he "break[s] the seal of sanctity and waive[s] his right to privacy in the premises" (subject, of course, to certain limitations not relevant here). Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966).
Appellees rely on certain decisions from the third and fourth district courts of appeal as authority for the proposition that invitation to enter does not obviate compliance with the "knock and announce rule."
State v. Roman, 309 So.2d 12 (Fla.4th DCA 1975) and State v. Collier, 270 So.2d 451 (Fla.4th DCA 1972) both involved a situation where a police officer entered a residence by invitation, then left on some pretext involving a promise (or at least a declared intent) to return, and shortly thereafter re-entered the residence in order to execute a search warrant (Collier) or arrest the occupant (Roman), without knocking and announcing his authority and purpose. Neither case flatly supports the proposition for which it is cited. Collier says, regarding the "impliedly invited" re-entry:

*982 It seems rather clear that Officer Hill's first entry into the apartment was authorized by the Colliers, but that such authorization did not relieve Officer Hill from the burdens of the statute after he left and returned not in the capacity of a social guest, but in his official capacity for the purpose of executing a search warrant.
270 So.2d at 454-55.
Roman makes the same point and quotes as authority the foregoing excerpt from Collier. By implication, at least (and even expressly in Roman), the initial entry of the officers did not trigger the "knock and announce" requirements, because it was invited. Thus, both cases merely stand for the proposition that an invitation to enter at one time, for one purpose, will not sanction a later entry for another purpose. We are not called upon here to accept or reject that proposition, and therefore decline to do so.
Collier contains somewhat ambiguous dicta that might seem to support appellees' present position. Immediately preceding the above-quoted holding of the case, the court said:
At oral argument the state contended that because Officer Hill was invited into the apartment as a social guest, he had the right, after leaving and without further formality, to re-enter the apartment with his fellow officers for purposes of executing the search warrant. This argument really begs the question because it assumes, without demonstrating, that the statute in question has an exception which covers such an entry. The statute does not have such exception and one cannot reasonably be found in the implication of the statute.
270 So.2d at 454[4].
We do not construe that as a statement that police officers must comply with the "knock and announce rule" even though they are invited to enter. The Collier court was discussing exceptions to the rule, i.e. situations where officers can break and enter without observing the statutory prerequisites to doing so. It is too obvious to really require dilation that officers who are invited to enter have no need to "break and enter", and therefore need no "exception" to justify their actions. To put the matter another way, the conditions which avoid application of a rule are not classified as "exceptions" to that rule. Here, the rule pertains to forcible entry. If the officers do not "break and enter", even technically, the rule does not apply, and it is pointless to speculate whether the circumstances give rise to an exception to the rule.
Likewise, State v. Prickett, 305 So.2d 222 (Fla.3d DCA 1974) might seem to support appellees' contention, but again careful examination discloses that although the facts recited there showed an invited entry, the court never once mentions the impact of that circumstance on the applicability of the "knock and announce rule." Evidently the state never raised the point. Consequently, we do not believe that case supports appellees' position here.
In any event, however, even if Prickett were square authority for appellees' contention, we would not find it persuasive because each and every one of the four cases on which it relies explicitly ties the "knock and announce rule" to forcible entry. Prickett says:
The police officers failed to announce either their authority or their purpose prior to entering the house to execute the search warrant as required by Fla. Stat. § 933.09. See, State v. Kelly, Fla. 1973, 287 So.2d 13; Earman v. State, Fla. 1972, 265 So.2d 695; Moreno v. State, Fla.App. 1973, 277 So.2d 81; State v. Collier, Fla. App. 1972, 270 So.2d 451.
In addition, the record is devoid of any evidence offered by the state to justify the police actions in this case under one of the exceptions to the statute.
305 So.2d at 223[3].
Kelly left no doubt about the circumstances which give rise to the "knock and announce rule":
It has been recognized that generally where a police officer fails to announce his authority and purpose prior to a forceable [sic] entry into a home to make an arrest or to execute a warrant, the arrest or execution is illegal and the fruits of *983 any attendant search are subject to suppression.
287 So.2d at 15[1].
In Earman police officers sent an informant into a private residence and then "rushed into the house" and made an arrest without knocking or announcing their authority or purpose. It was a forcible entry and the supreme court specifically discusses the statutory authorization for a forcible entry after knocking and announcing.
We have already discussed Collier. Third District's own case, Moreno, involved a forcible entry after police officers identified themselves as such but failed to announce their purpose. That omission was singled out as the sole ground for reversal. The court held that Moreno's arrest, and the seizure of drugs from her bedroom, were invalid because forcible entry is permitted only if the officer first announces both his authority and purpose.
We reverse the order granting appellees' motion to suppress and remand the case to the trial court for a full hearing on the motion in the light of this opinion.
HOBSON, Acting C.J., and RYDER, J., concur.