398 So.2d 460 (1981)
STATE of Florida, Appellant,
v.
Joel Leonard SCHWARTZ, Appellee.
No. 80-942.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Rehearing Denied June 10, 1981.
*461 Michael J. Satz, State Atty., Seventeenth Judicial Circuit, and Paul H. Zacks, Asst. State Atty., Fort Lauderdale, for appellant.
Alan H. Schreiber, Public Defender, Seventeenth Judicial Circuit and Gary Kollin, Asst. Public Defender, Fort Lauderdale, for appellee.
MOORE, Judge.
We reverse an order suppressing physical evidence.
Undercover Officer Gibbons and a confidential informant entered the defendant's home at the latter's invitation to arrange a purchase of illegal drugs. After setting the terms, Gibbons and the informant went to Gibbons' automobile to get the money for the purchase. The door to the residence was left ajar. Utilizing a pre-arranged signal, Gibbons and two other officers returned to the residence to arrest the defendant and a co-defendant, whereupon the defendant attempted to stop their entry. The defendants were arrested and the contraband was seized.
The trial court found that this conduct violated the Florida "knock and announce" statute, Section 901.19(1), Florida Statutes (1979), which provides:
901.19 Right of officer to break into building
(1) If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
As Judge Anstead noted in his concurring opinion in Lawrence v. State, 388 So.2d 1250 (Fla. 4th DCA 1980), this Court has had substantial difficulty reconciling several previous decisions which we have rendered involving similar factual situations. See, Hansen v. State, 372 So.2d 1003 (Fla. 4th DCA 1979); State v. Roman, 309 So.2d 12 (Fla. 4th DCA 1975); State v. Yenke, 288 So.2d 531 (Fla. 4th DCA 1974), cert. denied, 295 So.2d 303 (Fla. 1974); and State v. Collier, 270 So.2d 451 (Fla. 4th DCA 1972). We find that the knock and announce statute does not apply in this case because Gibbons had an implied invitation to return to the residence. See, Lawrence v. State, supra, 388 So.2d at 1252. To the extent that the above cases hold to the contrary, we recede from them.
This holding is consistent with the purpose of the knock and announce rule:
[T]he knock and announce rule was designed to safeguard the integrity and privacy of one's home as well as to promote the safety of all concerned in situations where a police officer must "break open" some part of a dwelling in order to effectuate an arrest or serve a warrant. State v. Manning, 396 So.2d 219 (Fla. 4th DCA 1981).
See also, Benefield v. State, 160 So.2d 706 (Fla. 1964); Koptyra v. State, 172 So.2d 628 (Fla. 2nd DCA 1965).
Thus, Fourth Amendment privacy considerations are relevant in construing the knock and announce statute. Accordingly we adopt the well reasoned, concurring opinion by Judge Anstead in Lawrence, supra.
I agree completely with Judge Downey's opinion. This court has had substantial difficulty reconciling several previous decisions we have rendered involving similar *462 factual situations. See Hansen v. State, 372 So.2d 1003 (Fla. 4th DCA 1979). In my view once the defendants admitted the undercover police officers to their premises and proceeded to openly engage in criminal conduct in the officers' presence they could not thereafter claim any violation of their reasonable expectation of privacy under the Fourth Amendment if one of the officers left and returned, alone or with other officers, and effected their arrest. Under such circumstances the defendants have waived any privacy claim by disclosing the contraband and engaging in criminal conduct in the presence of the officers, who could have effected the arrest of the defendants inside the premises at any time. The fact that one officer left and returned on a ruse may have benefited the officers by allowing them the added protection of other armed officers to assist in the arrest, but such conduct did not constitute an additional intrusion into the defendants' premises since such intrusion had already been lawfully accomplished by the undercover officers. I think the officers' conduct in this case was eminently reasonable and would recede from any implication to the contrary contained in Hansen v. State, supra, and the cases cited therein. Also see Koptyra v. State, 172 So.2d 628 (Fla. 2nd DCA 1965). Lawrence, supra, [388 So.2d] at 1253.
An officer who enters a defendant's premises lawfully and who temporarily leaves the premises solely for the purpose of obtaining the funds to consummate a transaction has an implied invitation to return without the necessity of knocking and announcing his identity and purpose. The fact that he enlists the aid of other officers does no injustice to the statute or the constitution. It neither adds to, nor detracts from, the reasonableness of the reentry.
Furthermore, the occupants were expecting the return of the police officer with the money for the transaction. Thus, there could be no danger of violence to the police or the occupants from an unexpected intrusion.
Moreover, we have considered Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) and find it distinguishable. The United States Supreme Court held that the Fourth Amendment prohibits police from entering a suspect's home without a warrant and without consent to effect an arrest of the suspect. The implied invitation here distinguishes this case from Payton.
The order of suppression, therefore, is reversed.
REVERSED.
LETTS, C.J., and ANSTEAD, J., concur.