DANAHY, Judge.
The state appeals an order of the trial court which granted appellee’s motion to suppress certain inculpatory statements.
Two uniformed police officers who had probable cause to believe the appellee guilty of attempted sexual battery were instructed to arrest appellee at his home. A man answered the officer’s knock on appellee’s front door and, in response to the officer’s inquiry, stated that he was Thomas McGriff. Appellee invited the two officers into his home after one of the officers requested that they be allowed to come inside. Once inside, the officers, without a warrant, arrested appellee. Later on the same day appellee made inculpatory statements which the trial court subsequently suppressed as the fruit of an illegal arrest.
Initially, we note that a police officer may arrest an individual without a warrant when he has probable cause to believe that the person has committed a felony. § 901.-15, Fla.Stat. (1979). The officers in this case had probable cause to believe that ap-pellee had committed a felony and, therefore, unless the entry into his home was unlawful, the arrest was valid.
Appellee contends that the entry into his house was unlawful because the officers did not first announce their purpose as required by our “knock and announce” law, section 901.19(1), Florida Statutes (1979). That subsection provides as follows:
If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
The question we must resolve is whether the statute requires that an officer announce his purpose before he may, with the consent of the homeowner, enter the premises. On its face, section 901.19 allows an officer to break into a building after he has announced his authority and purpose.[1] We find nothing in the language of the statute, or in the case law interpreting it, to support the proposition that a police officer must announce his purpose when a suspect consents to the officer’s entry into his home.
On the premise that an individual’s home is his or her “castle,” the law has long recognized that a law enforcement officer may not break into a suspect’s house to effect an arrest without first announcing his authority and purpose. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958). Section 901.19 is a *816 codification of the common law which recognized that fundamental protection. Benefield v. State, 160 So.2d 706 (Fla.1964). Notwithstanding ignorance of purpose, the privacy and sanctity of one’s home is preserved, as long as the suspect retains the choice of whether to allow a law enforcement officer to enter his house.
In the case at bar, appellee freely chose to admit the officers into his home. In Koptyra v. State, 172 So.2d 628 (Fla.2d DCA 1965), we recognized that section 901.-19 does not require an announcement of purpose when the arresting officer peacefully enters a building. See also King v. State, 371 So.2d 120 (Fla. 1st DCA 1978); Powers v. State, 271 So.2d 462 (Fla. 1st DCA 1973).
Accordingly, the order granting appel-lee’s motion to suppress is vacated and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN, A. C. J., and OTT, J., concur.

. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), severely limited the constitutional application of section 901.19. In Payton, the court held that, absent exigent circumstances, the Fourth Amendment prohibits a police officer from making a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest. In the case at bar, the suspect consented to the officer’s entry into his home and, therefore, Pay-ton’ s holding does not invalidate the appellee’s arrest.