ERVIN, Judge.
The state appeals suppression of evidence found during the search of an apartment pursuant to a search warrant. The search was held invalid on the ground that it violated Section 933.09, Florida Statutes, the “knock and announce” statute.[1] Two sheriff’s deputies were permitted entry into the apartment by appellant after they had identified themselves by name. They did not, however, as the lower court apparently believed the statute required, disclose the purpose of their visit. We reverse and remand.
We find there was no violation of the knock and announce rule, codified at Section's 901.19 and 933.09, Florida Statutes, simply because the rule is inapplicable to a situation in which entry is obtained by the owner’s or lawful possessor’s permission. There is “nothing in the language of the statute, or the case law interpreting it, to support the proposition that a police officer must announce his purpose when a suspect consents to the officer’s entry into his home.” State v. McGriff, 404 So.2d 814, *909 815 (Fla. 2d DCA 1981) (e.s.). See also United States v. DeFeis, 530 F.2d 14 (5th Cir.1976) (entry obtained by ruse does not violate a knock and announce statute); State v. Clarke, 387 So.2d 980, 981 (Fla. 2d DCA 1980) (“[wjhere entry is gained peaceably, as by invitation, the ‘knock and announce’ requirement does not apply.”); Koptyra v. State, 172 So.2d 628, 631 (Fla. 2d DCA 1965) (an officer’s concealment of his identity, used to gain admission into a house, does not constitute a breaking within the meaning of 901.19). In the instant case, because the officers were invited into the house, there was no forcible entry, and consequently no violation of the knock and announce rule.
Neither is a different result required by the fact that appellant explicitly extended consent to enter to only two of the five officers who conducted the search of appellant’s apartment. This case is distinguishable from State v. Hume, 463 So.2d 499 (Fla. 1st DCA 1985), where we found that an undercover officer already on the prem-. ises violated the knock and announce rule when he opened the door and let additional officers into a home. Here, the two officers who were given permission to enter came inside the apartment at approximately the same time as did three other officers accompanying them. Thus, the factual situation at bar is closer to that in Griffin v. State, 419 So.2d 320 (Fla.1982), where the Florida Supreme Court ruled that an undercover officer, already invited onto the premises, was free to leave the premises and bring additional officers with him upon his return.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.

. Section 933.09 authorizes an officer to break into a house in order to execute a search warrant, "if after due notice of his authority and purpose he is refused admittance to said house_”